**Fred Lee THOMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–87–01029–CR.**

Court of Appeals of Texas, Dallas.

May 19, 1988.

Stuart E. Parker, Lawrence B. Mitchell, Dallas, for appellant.

Karen R. Wise, Dallas, for appellee.

Before DEVANY, STEWART and HECHT, JJ.

DEVANY, Justice.

Fred Lee Thompson, appellant, was convicted of murder and sentenced to 55 years in prison. He presents five points of error which may be summarized as follows: his first three points of error complain that the trial court failed to instruct the jury of the limited purpose of admissibility of certain evidence *at the time* the evidence was offered by the State at the guilt/innocence phase of the trial; the fourth point of error complains that a State exhibit at the punishment phase contained a reference to an extraneous offense which was not a final conviction; and the fifth point complains that a State exhibit at the punishment phase indicated that appellant was indicted for a felony offense even though he was subsequently convicted of only a misdemeanor offense. For the reasons stated below, we overrule appellant's points of error and affirm the judgment of the trial court.

The pertinent facts necessary to review this case on appeal show that the victim of the crime was killed with a shotgun blast. An investigation of the crime by the police allegedly revealed that there were three witnesses who implicated appellant in the crime. However, as State's witnesses at trial, each denied that he gave any such statements to the police. The State impeached each of those witnesses by offering as evidence the three signed statements given to the police. Appellant requested that the jury be instructed to consider the statements only for the limited purposes of attacking the credibility of the witnesses rather than to prove the contents of the statements. The trial court refused this request at the time, but included in the jury charge at the conclusion of testimony and arguments that such evidence could not be considered by the jury to establish the guilt of the appellant. Appellant complains that such instructions should have been given to the jury at the time of the request in order that the jury would understand *then* that such evidence did not constitute proof that appellant committed the crime. Appellant argues that the jury would have already used the evidence in its observations of the testimony and evidence and that it was too late to instruct the jury at the end of the trial that the evidence only attacks the credibility of the State's own witnesses.

The pertinent governing evidence rule provides:

When evidence which is admissible ... for one purpose but not admissible ... for another purpose is admitted, the court, upon request, shall restrict the

evidence to its proper scope and instruct the jury accordingly; ....

TEX.R.CRIM.EVID. 105 (which became effective September 1, 1986). This rule is new and there are no cases giving us guidance in its use. However, we find almost identical provisions in the comparable rule 105 for civil cases as well as in the federal rule 105. Therefore, we have referred to Federal Practice and Procedure by Wright and Graham, which contains the following commentary on the federal rule: "It appears that the language originated in the proposed Missouri Evidence Code of 1948, with this comment: 'This section but codifies in a simple, condensed form the procedure recognized in many decisions.' " 21 C. Wright & K. Graham, *Federal Practice and Procedure* § 5067 (1977). At section 5066 of that authority, we find the following: "Limiting instructions may be given when the evidence is being introduced or during the judge's charge at the end of the case. It is preferable that the jury be instructed on the limited use of the evidence at the point of admission." 21 C. Wright & K. Graham, *Federal Practice and Procedure* § 5066 (1977).

■■■ The criminal evidence rule 105, applicable in this case, clearly entitles the appellant to a binding instruction not to use the evidence for any purpose other than the purpose for which the evidence was admitted. While the better practice appears to be to give the instruction at the time the evidence is admitted, our concern is satisfied by the fact that the limiting instruction was given to the jury in the jury charge. The trial judge has broad powers in the conduct of a trial. When he charges the jury at the conclusion of the trial on what it should consider and what it should not consider, we must assume that the jury will follow those instructions. Furthermore, the closing arguments of counsel give another opportunity for an appellant to explain why the evidence is limited. We are mindful of the degree of harm that may be suffered by an accused when evidence of this nature is admitted *even with limiting instructions given at the time of its admission.* However, we leave to the sound discretion of the trial

court the conduct of the trial in a just and impartial manner following the pertinent rules. In the instant case, limiting instructions were given to the jury in compliance with rule 105. Limiting instructions in the jury charge on the effect of impeaching evidence is proper and should be sufficient protection for appellant. *Goodman v. State*, 665 S.W.2d 788, 792 (Tex.Crim.App. 1984); *Castillo v. State*, 421 S.W.2d 112, 114 (Tex.Crim.App.1967). Appellant's first three points of error are overruled.

■■■ Appellant's fourth point of error contends that a State exhibit at the punishment phase of the trial contained a reference to an extraneous offense which was not a final conviction. The exhibit pertained to a revocation of probation for violation of "condition (a)" of an order of probation. Condition (a) of the order placing the appellant on probation provided that the defendant shall "commit no offense against the laws of this or any other State or the United States." Article 37.07 § 3(a), Code of Criminal Procedure, provides that, after a finding of guilty, evidence may be permitted as to the prior criminal record of the defendant. The term "prior criminal record" is defined in that article as a final conviction in a court of record.

The exhibit actually contained no reference to the committing of any particular offense, such offense having been deleted from the exhibit by the State before offering the exhibit in evidence. However, a plain reading of the exhibit would tell the reader that appellant had his probation revoked for violation of a condition which prohibited him from committing an offense against the laws of this State or the United States. Therefore, it appears that a reference to an indefinite extraneous offense has been brought into the record. However, we note that the State introduced other evidence at the punishment phase of the trial that appellant was actually convicted of four specific offenses. While it is speculative as to what the trier of fact would perceive from such evidence, it is fair to assume that the jury believed that appellant was convicted of four other of-

fenses and had his probation revoked in a case for committing an offense against the laws of this State or the United States. In view of all the evidence before the jury pertaining to the prior criminal record of appellant, the reference to the committing of an offense without identifying the specific offense is so intertwined with appellant's bad criminal record that it can hardly rise to the level of a violation of appellant's rights protected under article 37.07 § 3(a) of the code.

The State cites us to *Rico v. State*, 707 S.W.2d 549, 553 (Tex.Crim.App.1986), which states "that an order revoking a probated conviction is part of a defendant's 'prior criminal record,' since in order to prove the finality of a probated conviction, the State is required to show that the probation was revoked." However, that case does not precisely address the question posed by the appellant in the instant case. He does not complain of the order of revocation, but rather the reference in that order of revocation to an indefinite extraneous offense. However, notwithstanding this difference, we do not agree with appellant that this reference could have affected his sentence. Therefore, we hold that the indefinite reference to the fact that appellant committed an extraneous offense under the specific facts of this case, where appellant had numerous prior convictions, was not a violation of article 37.07 § 3(a).

Appellant's fifth point of error pertains to the fact that the State introduced an exhibit at the punishment phase of the trial which is a judgment stating that appellant was charged with the felony offense of "assault with intent to commit murder with malice as charged in the indictment," to which he plead guilty, but was found guilty of the offense of "aggravated assault," which at the time of the offense in 1965 was a misdemeanor. Appellant complains that this denied him a fair and impartial trial.

We fail to understand appellant's argument that he was denied a fair and impartial trial when the evidence in question showed that in the same transaction he plead guilty to the charge of one form of assault, but was found guilty of a lesser form of assault. In other words, the act of appellant was given different descriptions resulting in a conviction of lesser magnitude of the same crime to his benefit. It is interesting to note that "aggravated assault" was made a felony by section 22.02 of the Texas Penal Code in 1973. The Court of Criminal Appeals has stated that the reduction of a felony offense to a misdemeanor is not a "detail" of the prior conviction prohibited by article 37.07 § 3(a). *Gamble v. State*, 717 S.W.2d 14, 16 (Tex. Crim.App.1986). In view of the crime of which appellant was convicted in the instant case and his bad criminal record over many years, the jury did not appear to act unfairly in assessing appellant's sentence at 55 years.

The judgment of conviction is affirmed.