**Fred Lee THOMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 760–88.**

Court of Criminal Appeals of Texas,
En Banc.

May 30, 1990.

Rehearing Denied June 27, 1990.

Stuart Parker (on appeal only), Lawrence B. Mitchell (on appeal only), Dallas, for appellant.

---

John Vance, Dist. Atty., and Karen R. Wise, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted of murder. V.T. C.A., Penal Code § 19.02. A jury assessed appellant's punishment at fifty-five years confinement in the Texas Department of Criminal Justice, Institutional Division. On direct appeal, the Court of Appeals affirmed the conviction. *Thompson v. State,* 752 S.W.2d 12 (Tex.App.—Dallas, 1988).

This Court granted appellant's petition to review the Court of Appeals' opinion. We have determined, however, that appellant's petition was improvidently granted. Tex. R.App.Proc. Rule 202(k).

Just as in any case where this Court refuses to grant a petition for discretionary review, our decision to dismiss appellant's petition as improvidently granted should not be construed as approval of the Court of Appeals' opinion.

Appellant's petition for discretionary review is ordered dismissed.

BERCHELMANN, J., not participating.

MILLER, Judge, dissenting.

In dismissing appellant's petition for discretionary review, a majority of the Court seems content to let stand the court of appeals' deference to trial judges in running their own courtrooms as they discretionarily see fit. As a former trial judge, I have no quarrel with that proposition as a general rule.

The issue raised in appellant's petition concerns the timing of instructing the jury that certain evidence is only admitted for a specific limited purpose. Appellant asked the trial judge to instruct the jury at the time the evidence was admitted, but the trial judge chose instead to instruct the jury at the close of the trial in the court's charge. The court of appeals states that the "better practice" is to instruct the jury at the time the evidence is admitted. Since Tex.R.Crim.Ev. 105(a) does not specify when the instruction should be given, this "better practice" guidance is the best that the bench and bar will receive at this juncture.

In addition to the authorities cited by the court of appeals in making their determination that instructing the jury at the time evidence is admitted is the "better practice", appellant cites numerous authorities in his brief that generally stand for the proposition that it is more effective, when evidence is admitted for a limited purpose, to instruct the jury concerning that limited purpose *at the time of admission.* Of course, such an instruction does not abrogate the necessity of including a limiting instruction, on request, in the written court's charge at the conclusion of the trial. Suffice it to say then that the "better practice" in such situations is to verbally instruct the jury, when requested by the defendant, of the limited purpose for admission of evidence at the time of its admission and also to instruct the jury, when requested by the defendant, in writing in the court's charge at the close of the case. A trial judge who decides not to follow this "better practice" in the future runs the risk of being reversed for abuse of discretion should an appellate court find that the failure to timely instruct the jury resulted in harm under Tex.R.App.Proc. 81(b)(2) (which, of course, calls for the State to show beyond a reasonable doubt that failure to timely instruct the jury did not contribute to the verdict).

Because I would make the giving of a limiting instruction mandatory, on request, both at the time the evidence is admitted and in the court's charge, I dissent.

CLINTON and TEAGUE, JJ., join.