Bobby WELLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–94–00041–CR.

Court of Appeals of Texas,
Texarkana.

Submitted May 24, 1994.

Decided June 23, 1994.

David Lashford, Texarkana, for appellant.

Leon Pesek, Jr., Dist. Atty., Texarkana, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Bobby Wells was convicted of the offense of possession of a controlled substance after a trial by jury. His punishment was assessed at ninety-nine years' confinement. He contends on appeal that the trial court erred in excluding two proffers of testimony and that the evidence is insufficient to support the jury's verdict.

Testimony shows that on January 20, 1993, Wells, Bobby James, and Jackie Finley were standing on the porch of James's house. Patrolling police officers testified that they saw what they believed to be a drug sale occur between those individuals and an unknown party. They continued their patrol until they were out of sight, then one officer got out of the car and worked his way around the back of the house. The officer remaining in the squad car drove in front of the house, jumped the curb, and drove directly to the porch. One officer testified that Wells walked quickly to a nearby air vent (apparently a foundation vent) and placed a small bottle there in an out-of-sight location. Both officers testified that Wells was the only one to leave the porch and that the bottle contained crack cocaine. They also testified that they saw one tennis shoe print in the mud and determined that it was a match with

Bobby Wells's shoe. The officers did not compare the print to any of the other individuals' shoes.

Wells testified that the drugs were not his. The other individuals on the porch and onlookers from nearby also testified that Wells had not left the porch. No fingerprint or footprint evidence was preserved. Thus, this conviction rests solely upon the testimony of the officers.

■ Wells first contends that the trial court erred by excluding his proffer of testimony by James that the police officers returned to the apartment about fifteen minutes after the arrest and searched it. He contends that this testimony was needed because the police officers had testified that they did not return to the scene that night and that the court's refusal to allow him to elicit the testimony constitutes reversible error. Wells argues under this point that his right to cross-examination was violated, based upon Article I, section 10 of the Texas Constitution and the Sixth Amendment to the United States Constitution. The record indicates that the trial court was aware that this evidence was offered for the purpose of impeaching the officers, and denial of the admission for this purpose was error. The evidence was clearly in the context of the allegations against Wells because it took place at the same location as the arrest and within a close time proximity after the arrest. Thus, Wells had a right to offer evidence to the contrary of what the police had testified had happened at the scene (regardless of whether the prosecuting attorney or the defense attorney asked the question).

■ This error does not reach constitutional dimensions. Wells was not denied the right to cross-examine a State's witness or to call a witness on his behalf. Rather, he was prevented from asking a witness, who had testified on other matters, a specific question. This is more in the order of an evidentiary error. Wells could have offered this evidence for the limited purpose of impeaching the State's witnesses. *See Thompson v. State,* 752 S.W.2d 12 (Tex.App.—Dallas 1988), *pet. dism'd,* 795 S.W.2d 177 (Tex.Crim. App.1990). Wells may have waived error by failing to offer the evidence for a limited purpose pursuant to Rule 105 of the Texas Rules of Criminal Evidence, but it would appear that the purpose was obvious and that the proposed evidence would not have been relevant to any other facet of the case against Wells. Even if error was not waived, we find beyond a reasonable doubt that this error did not contribute to Wells's conviction. The witness in question was Bobby James. He testified that Wells had not left the porch in direct contradiction of the officer's testimony that Wells had placed the bottle containing the crack cocaine at a location that would have required him to have left the porch. The jury having rejected Bobby James's testimony as to Wells's innocence, there is nothing in the record to suggest that James's testimony of impeachment would have been believed over the officers' testimony.

Wells next contends that the trial court erred by refusing to permit the arresting officers to answer a question. Specifically, counsel asked one of the arresting officers whether he had ever made a mistake in a drug arrest by asking him about a prior arrest that allegedly had not resulted in a conviction. In support of this point, Wells urges the authority cited under his previous argument and urges that the evidence was clearly relevant. The evidence was excluded by the trial court on the ground that it was not relevant to the present case. No constitutional issues were brought to the trial court's attention. Thus, we are required to restrict our review to those grounds raised before the trial court. Tex.R.App.P. 52(a).

■ We therefore turn to the issue of relevancy. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex.R.Crim.Evid. 401. In order to be included within this definition, the proffered evidence must have influence over a consequential fact, i.e., any fact that is of consequence to the determination of the action. *Mayes v. State,* 816 S.W.2d 79 (Tex. Crim.App.1991). The State objected after the following series of questions.

Q No doubt in your mind. You've made lots of busts in your career in this drug interdiction; is that correct?

A Yes, sir.

Q Is it true that most of the busts have been just one or two rock cases?

A Probably most of them, yes, sir.

Q Have you ever arrested people like that for possession of drugs where you've been mistaken?

A No, sir, not that I'm aware of.

Q Well, didn't you arrest Kennedy Forte for drug possession?

[THE STATE] Your Honor, State's going to object to any reference to another individual and making an arrest that is not relevant to this case in question.

[DEFENSE] He says he's never made a mistake, Your Honor. I don't know why I can't ask him that.

■ Questions of relevance should be left largely to the trial court, relying on its own observations and experience, and will not be reversed absent an abuse of discretion. *Moreno v. State,* 858 S.W.2d 453 (Tex. Crim.App.), *cert. denied,* — U.S. —, —, 114 S.Ct. 445, 126 L.Ed.2d 378 (1993). The police officer testified, in effect, that he had never made any mistakes in his numerous drug arrests. Neither the initial question nor the second one is relevant[1] to a fact in issue in the present case; rather, they address the issue of the credibility of the officer.

■ Outside the presence of the jury, the trial court advised that Kennedy Forte (the defendant in the case in question) was actually convicted and sentenced to seventy years in the penitentiary in another case. The defense counsel suggested that prior to that he had been found not guilty. The trial court asked if this not guilty finding had been on a drug charge, and the defense counsel answered that was what he wanted

to ask the witness. No offer of proof was made by defense counsel to show that the officers' testimony was not accurate; therefore, no error has been preserved. This point of error is overruled.

■ Wells also contends that the evidence was insufficient to support the jury's verdict finding him guilty. Wells's contention that the evidence is insufficient to support the verdict might fairly be said to question whether the evidence is both legally and factually sufficient. In reviewing the legal sufficiency of the evidence, we look at all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Nelson v. State,* 848 S.W.2d 126, 131 (Tex.Crim.App. 1992), *cert. denied,* — U.S. —, 114 S.Ct. 100, 126 L.Ed.2d 66 (1993). In reviewing the sufficiency of the evidence, this Court may not reweigh the evidence as the thirteenth juror. *Blankenship v. State,* 780 S.W.2d 198, 207 (Tex.Crim.App.1989).

■ In reviewing the factual sufficiency of the evidence, we look at all the evidence and determine whether the conviction is against the great weight of the evidence. Under TEX. CONST. art. V, § 6, the courts of appeals are conclusive on all fact questions and have the constitutional authority and obligation to decide whether the evidence is factually sufficient. The courts of appeals have the power and duty to review the factual sufficiency of the evidence relative to the proof of the elements of an offense. *See Stone v. State,* 823 S.W.2d 375 (Tex.App.— Austin 1992, pet. ref'd, untimely filed). We have previously summarized the evidence shown in this case. The evidence of the police officers, standing alone, is legally sufficient to place Wells in possession of a controlled substance. Our review of all the evi-

---

1. When a witness makes blanket statements concerning his or her exemplary conduct, such as having never been arrested, charged, or convicted of an offense or having never been "in trouble" or purports to detail his or her convictions leaving the impression that there are no others, evidence to the contrary becomes admissible even if not relevant to a fact issue in the case. This rule applies when a witness makes a statement before a jury obviously designed to create a false impression of law-abiding behavior. *Ochoa v. State,* 481 S.W.2d 847, 850 (Tex.Crim.App. 1972); *Patterson v. State,* 783 S.W.2d 268, 272 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd).

dence further shows that the evidence was factually sufficient to support the jury's verdict.

The judgment of the trial court is affirmed.