Heading for abatement 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-083-CR

     DONIVAN RAY PERKINS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the Criminal District Court No. 5
Dallas County, Texas
Trial Court # F96-44793-QL 
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      The appellant, Donivan Ray Perkins, pled guilty to the offense of possession of less than four
grams of cocaine, and the trial court assessed an enhanced punishment of five years’ incarceration
in the Institutional Division of the Texas Department of Criminal Justice. See Tex. Health &
Safety Code Ann. § 481.115(c) (Vernon Supp. 1998).
      Alleging that an appeal from Perkins’ conviction would be frivolous, Perkins’ attorney filed
an Anders brief and a motion to withdraw on November 3, 1997. See Anders v. California, 386
U.S. 738, 744, 87 S.Ct. 1396, 1400 (1967). In accordance with this court’s recent opinion in
Wilson v. State, we notified Perkins on November 12, 1997, that he had thirty days in which to
file a pro-se response stating why his appeal is meritorious. No. 10-97-090-CR, slip op. at 4,
1997 WL 700877, at * 4 (Tex. App.— Waco November 12, 1997, no pet.). Those thirty days
have passed and Perkins has not filed any response. It is therefore our duty to conduct an
independent review of the record to determine if Perkins’ appeal is without merit and to assess
whether Perkins’ attorney complied with the requisite procedures as articulated in Anders, 386
U.S. 738, 744, 87 S.Ct. 1396, 1400.
      Because Perkins pled guilty to the offense of possession of cocaine, he is limited as to the
issues he may complain about on appeal. See Tex. R. App. P. 25.2(b)(3).


 Upon review of the
record, we agree with Perkins’ attorney that the only potentially arguable point on appeal is the
legality of the seizure of the crack cocaine at the time of Perkins’ arrest. However, we conclude
that the trial court did not err in finding that the seizure of the cocaine was legal and denying
Perkins’ motion to suppress.
      Perkins was arrested on March 25, 1996 for possession of less than four grams of crack
cocaine. See Tex. Health & Safety Code Ann. § 481.115(c). Perkins’ vehicle was parked on
an “unapproved surface” along a road in Dallas when a Dallas police officer stopped to
investigate. When the officer spotlighted Perkins’ vehicle, Perkins emerged and proceeded to
“nonchalantly” drop a white object. The officer approached Perkins and the vehicle, and when
he looked inside the vehicle, he saw a razor blade with white residue. The officer then proceeded
to pick up the white container Perkins had dropped and found cocaine inside. The officer arrested
Perkins.
      Prior to trial, Perkins’ attorney filed a motion to suppress any evidence obtained as a result
of Perkins’ arrest. After a hearing, the trial judge denied the motion. Perkins then pled guilty to
the charged offense and “true” to an enhancement paragraph.
      The record reflects that the crack cocaine was in plain view of the officer when he approached
the vehicle. The plain view doctrine requires: (1) the seizing law enforcement officer to be
lawfully in the place where he observes the contraband, and (2) the item seized must appear to be
evidence associated with a crime. Ramos v. State, 934 S.W.2d 358, 365 (Tex. Crim. App. 1996),
cert. denied, — U.S. —, 117 S.Ct. 1556 (1997); State v. Haley, 811 S.W.2d 597, 599 (Tex.
Crim. App. 1991). The arresting officer testified that Perkins’ vehicle was already parked when
the officer stopped to investigate. When Perkins exited the vehicle, the officer witnessed him drop
a white object which the officer later discovered contained cocaine. The officer also saw a razor
blade with white residue on it located in the driver’s seat and, based on his experience as a police
officer, he believed the residue to be cocaine.
      Based on the facts adduced during the suppression hearing, it is apparent that Perkins was not
detained by the officer, but was voluntarily, albeit illegally, parked on the side of the road when
the officer approached him. Consequently, we cannot conclude that the trial court abused its
discretion by denying Perkins’ motion to suppress when the officer made no intrusion upon
Perkins but merely stopped to investigate an illegally parked vehicle. See Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990). 
      Having so determined and concluding that Perkins’ attorney has fulfilled her duties under
Anders, we will grant her motion to withdraw as Perkins’ attorney and affirm Perkins’ conviction. 
Johnson v. State, 885 S.W.2d 641, 646 (Tex. App.-Waco 1994, pet. ref’d).
      The judgment is affirmed.
 
                                                                               BOBBY L. CUMMINGS
                                                                               Justice

Before Chief Justice Davis,
           Justice Cummings, and
           Justice Vance
Affirmed; motion to withdraw granted
Opinion issued and filed January 21, 1998
Do not publish



ntional, he would not have fled to California in a careful manner so as not
to get stopped by the police, as he testified.
      Rebecca Swindler-Smith contacted the police after Appellant's arrest. She testified that she
saw Appellant at the scene off Haymarket earlier that day. He had items in the vehicle that were
later found in the red Corsica upon its seizure in California. During her conversation with
Appellant, he said his wife had left him three days earlier. He said, "I just killed the bitch, or I'm
going to kill the bitch," and he told her he was going to California in a couple of weeks.
      In summary, the totality of the evidence is consistent with Appellant intentionally or
knowingly causing his wife's death and is inconsistent with his version of the shooting. 
Accordingly, we hold that the evidence was amply sufficient for a rational trier of fact to conclude
beyond a reasonable doubt that Appellant intentionally or knowingly caused the death of his wife. 
In other words, the test required by Jackson v. Virginia in this regard has been met.
      As hereinabove pointed out, in Appellant's first and second points, he urges this court to
review the "factual sufficiency of the evidence" as appellate courts do in civil cases. Our
intermediate courts are divided about whether we have a duty to review the factual sufficiency of
the evidence to support the elements of an offense upon which the State bears the burden of proof
beyond a reasonable doubt. Compare Crouch v. State, 858 S.W.2d 599, 601 (Tex. App.—Fort
Worth, pet. ref'd) (no factual sufficiency review in criminal cases) with Wells v. State, 880
S.W.2d 185, 188 (Tex. App.—Texarkana 1994, no pet.) ("The courts of appeals have the power
and duty to review the factual sufficiency of the evidence relative to the proof of the elements of
an offense"). Also see Texas Bar Journal, Vol. 58, Number 5, page 434 (May 1995). 
      Assuming, without deciding, that we are required to conduct such a review of all of the
evidence to determine if the jury's verdict is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust, we have carefully reviewed all of the evidence and
find that it is factually sufficient to support the judge's finding that Appellant knowingly and
intentionally acted with the intent to kill Carolyn Behling (his wife), and thereby committed the
offense of murder. See Stone v. State, 823 S.W.2d 375, 381 (Tex. App.—Austin 1991, pet. ref'd,
untimely filed). Appellant's first and second points of error are overruled.
      In Appellant's third point of error he asserts the trial court erred when, at the close of the
State's case-in-chief, the court refused Appellant's motion for an instructed verdict of not guilty
since the evidence then before the court was insufficient to prove that the deceased died as a result
of being shot by Appellant.
      We have, hereinbefore, discussed the reasons why this contention is without merit. Madden
v. State, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990), cert. denied, 499 U.S. 954, 111 S.Ct.
1432, 113 L.Ed.2d 483 (1991); Cook v. State, 858 S.W.2d 467, 470 (Tex. Crim. App. 1993). 
Appellant's third point of error is overruled.
      By Appellant's fourth and final point of error he contends that Appellant was denied the
effective assistance of counsel at the guilt-innocence phase of his trial.
      As stated, Appellant waived a jury and was tried before the trial court who had had about
twenty years experience in criminal law. When the trial judge appointed this particular attorney
as Appellant's trial counsel, he (the judge) remarked that this particular lawyer was "a certified
criminal law specialist with a wealth of experience in the criminal justice system, not only as a
prosecutor but also as a defense counsel." The judge also said that the attorneys on both sides had
been "extremely professional." The truth of those remarks was borne out by the record which
showed that Appellant's lawyer called several witnesses and provided expert testimony to support
the defense theory that Appellant had not intentionally or knowingly killed his wife.
      Appellant pointed out several different situations to support his contention that his counsel was
ineffective. We have carefully considered each assertion made by Appellant and have concluded
that none of these instances affected the outcome of the case.
      Texas courts have adopted the federal constitutional standard set out in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 674 (1984). See Hernandez v. State, 726
S.W.2d 53, 56-57 (Tex. Crim. App. 1986).
      Strickland sets out a two-pronged analysis: (1) did the attorney's performance fail to
constitute "reasonably effective assistance," that is to say, did the defense attorney's representation
fall below an objective standard of reasonableness under prevailing professional norms, and (2)
if so, was there a reasonable probability that, but for counsel's unprofessional errors, the result
of the proceeding would have been different?
      Assuming for the sake of argument that Appellant has satisfied the first prong of the analysis
(that the attorney's performance failed to constitute "reasonably effective assistance"), Appellant
has wholly failed to satisfy the second prong of the analysis (that the deficient performance
prejudiced Appellant's defense). We do not believe that Appellant satisfied the first prong, but
in any event Appellant has wholly failed to satisfy the second prong. We therefore overrule
Appellant's fourth and final point of error.
      Judgment of the trial court is affirmed.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed May 24, 1995
Do not publish