Opinion issued November 18, 2004










 





     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00589-CR




RONALD E. HAWKINS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351th District Court
Harris County, Texas
Trial Court Cause No. 926,406




MEMORANDUM OPINION
          Ronald Hawkins, appellant, pleaded not guilty to possession of a controlled
substance, cocaine weighing between one and four grams. The jury found him guilty
and found two enhancement paragraphs true, and assessed punishment at 25 years’
confinement. In six points of error, appellant contends that (1) the trial court erred
by allowing the State to voir dire on an issue that effectively informed the jury that
appellant had a prior criminal history; (2) the trial court erred by allowing the State
to use a “hypothetical” fact situation in his voir dire that was factually specific to this
case; (3) the evidence is factually insufficient to support his conviction; (4) the trial
court erred in allowing the State, in its closing arguments, to urge the jury to return
a punishment verdict based on evidence outside the record; (5) the trial court abused
its discretion by denying him a mistrial because the State allegedly conducted
improper cross-examination of appellant; and (6) appellant was denied effective
assistance of counsel at trial. We affirm.
                                                    BACKGROUND
          On October 4, 2002, while on a routine patrol, Houston Police Officer W.
Eckert saw appellant commit two traffic violations: first, appellant rode his bicycle
on a street without stopping at a stop sign, and second, appellant rode his bicycle on
the sidewalk. Eckert drove parallel with appellant and asked appellant to stop and to
produce proof of identification. As Eckert got out of his car, he watched appellant
and saw him pull a clear plastic bag containing a white substance out of the front
waist area of his pants. Appellant threw the plastic bag about 10 feet into the air, and
it landed on the sidewalk. Eckert detained appellant, patted him down, and placed
him in handcuffs in the back seat of his car. Eckert retrieved the plastic bag and
conducted a field test, which revealed that the bag contained cocaine. Eckert arrested
appellant.
          At trial, A. DeJesus, an employee in the Houston Police Department’s crime
lab, testified that a series of tests on the substance in the bag proved that the
substance was 2.5 grams of cocaine. Appellant and two friends testified that, when
Eckert attempted to stop appellant, appellant spit out chewing gum into some nearby
weeds, and that the cocaine recovered by Eckert must have been left behind by a
narcotics dealer. Appellant denied committing the traffic offenses on his bicycle.
Improper Hypothetical Questions
          In his first point of error, appellant asserts that the trial court erred by allowing
the State’s voir dire concerning the range of punishment applicable to possession of
a controlled substance for a defendant with two prior convictions because the voir
dire effectively informed the venire of appellant’s criminal history. 
          To preserve a complaint for appellate review, a defendant must object timely
to the trial court. See Tex. R. App. P. 33.1; Rhoades v. States, 934 S.W.2d 113, 120
(Tex. Crim. App. 1996). Appellant has failed to preserve error by interposing an
objection to the complained-of voir dire. Because appellant is raising this argument
for the first time on appeal, any error is waived. See Broxton v. State, 909 S.W.2d
912, 918 (Tex. Crim. App. 1995). 
          Accordingly, we overrule appellant’s first point of error.
Improper Credibility Questions
          In his second point of error, appellant asserts that the trial court erred by
allowing the State’s questions during voir dire concerning credibility and motive to
lie. To preserve a complaint for appellate review, a defendant must object timely to
the trial court. Tex. R. App. P. 33.1; Rhoades, 934 S. W.2d at 120. The record shows
that appellant never objected to these questions. Therefore, no error was preserved
for review; any error is waived.
          Accordingly, we overrule appellant’s second point of error.
Factual Sufficiency
          In his third point of error, appellant asserts that the evidence was factually
insufficient to support his conviction. Specifically, appellant contends that the jury
verdict is so contrary to the overwhelming weight of the evidence because the jury
accepted the testimony of a single police officer offered by the State over the
testimony of appellant and his two eyewitnesses. 
          In our factual-sufficiency review, we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144
S.W.3d 477, 481-82 (Tex. Crim. App. 2004)). We must defer appropriately to the
fact finder to avoid substituting our judgment for its judgment. Zuniga, 144 S.W.3d
at 482. Our evaluation may not intrude upon the fact finder’s role as the sole judge
of the weight and credibility accorded any witness’s testimony. Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). The fact finder alone determines what
weight to give contradictory testimonial evidence because that question depends on
how the fact finder evaluates credibility and demeanor. Id. at 408-09. As the
determinor of the credibility of the witnesses, the fact finder may choose to believe
all, some, or none of the testimony presented. Id. at 407. 
          In conducting a factual-sufficiency review, we must discuss the evidence that,
according to appellant, most undermines the jury’s verdict. Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003). Appellant contends the evidence is factually
insufficient because (1) both Derek Powell and Marcus Williams testified that they
saw appellant take something from his mouth and throw it down on the ground; (2)
both Powell and Williams testified that, besides the aforementioned substance that
appellant retrieved from his mouth, they never saw appellant throw a plastic bag or
anything else down on the ground; (3) both Powell and Williams testified that they
never saw appellant reach into his pocket or his waistband; (4) appellant himself
testified that he neither ran a stop sign on his bicycle nor rode it on the sidewalk; and
(5) appellant denied having any drugs, throwing any drugs on the ground, or ever
being in possession of the plastic bag recovered by Officer Eckert.
          At trial, the defense called Derek Powell and Marcus Williams, both of whom
saw appellant on October 4, 2002. Powell was selling narcotics in front of a nearby
grocery store and Williams was “[j]ust standing there” with Powell when they saw
appellant. Powell and Williams offered similar accounts of appellant’s actions, but
their testimony differed greatly from the testimony of Officer Eckert. Powell and
Williams testified that, after Eckert stopped him, appellant took what looked like gum
out of his mouth and showed it to Eckert, but he did not retrieve anything from his
pockets or from around his waistband. They both also testified that the only thing
appellant threw into the air was the substance that looked like gum. They also stated
that, after putting handcuffs on appellant and placing him in the back of his car,
Eckert searched the ground for about two minutes, near where appellant had been
stopped, before confronting appellant with a plastic bag he had found. They testified
that they never saw appellant in possession of the plastic bag, which was marked
State’s Exhibit 2 at trial.
              Appellant took the stand at trial. His testimony also contradicted Eckert’s
testimony. First, appellant claimed that he neither ran a stop sign nor rode his bicycle
on the sidewalk on October 4, 2002. Next, appellant testified that the only thing he
threw away was his chewing gum, but only after showing it to Eckert. Appellant also
testified that he had never seen, nor been in possession of, the plastic bag that Eckert
recovered before he was shown it at trial by defense counsel. Appellant denied ever
having possession of drugs and “told [Eckert] he was a damn lie [sic]” when told the
offense for which Eckert was arresting him. The jury was in the best position to
determine which version of events was more credible by observing the witnesses in
court. 
          A jury’s decision is not manifestly unjust merely because the jury resolved
conflicting views of evidence in favor of the State. Cain v. State, 958 S.W.2d 404,
410 (Tex. Crim. App. 1997). The determination of what weight to give contradictory
testimonial evidence is within the sole province of the jury, as it turns on an
evaluation of credibility and demeanor. Id. at 408-09. Thus, the jury was free to
believe all or any part of the testimony of the witnesses, or any part of the testimony
of appellant. A court of appeals must show deference to such a jury finding. Id. at
409.
          Examining all of the evidence neutrally, we conclude that the proof of guilt was
not so obviously weak as to undermine confidence in the jury’s determination, nor
was the contrary evidence so strong that it greatly outweighed the proof of guilt. 
Accordingly, we overrule appellant’s third point of error. 
Improper Closing Argument
          In his fourth point of error, appellant contends that the trial court erred in
allowing the State to argue matters outside the record during closing argument at the
punishment phase of trial by stating that two witnesses for the defense were drug
dealers who were headed for the Texas Department of Corrections. The State’s
argument follows: [State]: You heard from two drug dealers from the 
Studewood neighborhood, and guess what, they’re in [sic] Harris 
County orange [suits] and they’re going to be in TDC white 
[suits], because that’s where they’re going.
[Defense]: Your Honor, I’m going to object. That’s 
arguing outside the record. There’s been no testimony as 
to that. 
[Court]: Sustained. The jury will disregard the last statement by 
the prosecutor.          To preserve jury argument for appellate review, the defendant must “ (1) make
an objection; (2) request an instruction to disregard; and (3) make a motion for a
mistrial.” Coe v. State, 683 S.W.2d 431, 436 (Tex. Crim. App. 1984). In the instant
case, after the trial judge sustained the objection and gave an instruction to disregard
on his own accord, appellant did not ask for a motion for a mistrial. It is well settled
that when appellant has been given all the relief he requested at trial, there is nothing
to complain of on appeal. See Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App.
1996). “Appellant’s objection was sustained. He did not ask that the jury be
instructed to disregard the testimony, nor did he move for a mistrial. Appellant must
obtain an adverse ruling in order to preserve a matter for review.” Nethery v. State,
692 S.W.2d 686, 701 (Tex. Crim. App. 1985). As no error was preserved, appellant’s
fourth point of error is overruled.
Motion for MistrialIn his fifth point of error, appellant contends that the trial court abused its
discretion by refusing to sua sponte declare a mistrial, alleging that the State asked
an improper question about privileged attorney-client communications during his
cross-examination of appellant.



          Having reviewed the record in its entirety, we do not believe that the
prosecutor’s question or the trial court’s failure to sua sponte declare a mistrial rose
to the level of affecting appellant’s substantial rights. In arguing this point, appellant
fails to cite to any authority, holding a trial court must sua sponte declare a mistrial
in such a circumstance. The record shows that appellant never objected to the
questions posed by the State regarding attorney-client communications, nor did
appellant ever request a mistrial on that basis. Therefore, no error was preserved for
review. Thus, any error is waived.
          Accordingly, we overrule appellant’s fifth point of error.Ineffective Assistance of Counsel
          In point of error six, appellant contends that he received ineffective assistance
of counsel at trial. First, appellant contends that his trial counsel was ineffective by
failing to investigate the existence of defense witness, Nicholas Arnett, and to
subpoena him to secure his presence at trial. Second, appellant contends that his
counsel was ineffective by the cumulative effect of refusing appellant’s pretrial and
trial requests. Specifically, counsel was allegedly ineffective because counsel (1)
refused appellant’s request to strike a venireperson that appellant wanted struck; (2)
refused appellant’s request to ask for more peremptory strikes; (3) refused appellant’s
request to have the plastic bag tested for fingerprints; and (4) allowed the State to
conduct improper cross-examination of appellant’s defense witnesses. 
              Under Strickland v. Washington, to prevail on an ineffective assistance of
counsel claim, the applicant must show that (1) counsel’s performance was deficient
by falling below an objective standard of reasonableness and (2) there is a probability
sufficient to undermine the confidence in the outcome that but for counsel’s
unprofessional errors, the result of the proceeding would have been different. 466
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002). We “indulge in a strong presumption that counsel’s conduct falls
within the wide range of reasonable assistance,” and that “the challenged action
‘might be considered sound trial strategy.’” Strickland, 466 U.S. at 689, 104 S. Ct.
at 2065 (citing Michel v. Louisiana, 350 U.S. 91, 101, 76 S. Ct. 158, 164 (1955)). 
          Appellate review of defense counsel’s representation is highly deferential and
presumes that counsel’s actions fell within the wide range of reasonable and
professional assistance. Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. The
appellant must overcome this presumption. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no writ). Under normal circumstances, the record
on direct appeal will not be sufficient to show that counsel’s representation was so
deficient and so lacking in tactical or strategic decision-making as to overcome the
presumption that counsel’s conduct was reasonable and professional. See Thompson
v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Rarely will the trial record
contain sufficient information to permit a reviewing court to fairly evaluate the merits
of such a serious allegation: “[i]n the majority of instances, the record on direct
appeal is simply undeveloped and cannot adequately reflect the failings of trial
counsel.” Id. at 813-14.
          In his first claim, appellant asserts that his trial counsel was ineffective because
he failed to interview Nicholas Arnett and secure his testimony at trial. At the motion
for new trial hearing, appellant’s trial counsel testified, about his investigation of
Arnett, that he had three conversations with Arnett and had assured trial counsel that
Arnett would appear in court to testify. However, because Arnett refused to give his
address, trial counsel was unable to subpoena Arnett, unable to issue a writ of
attachment for him, and unable to move for a continuance. Nevertheless, the record
reflects that Arnett’s testimony would have been similar to that of two other defense
witnesses, Powell and Williams. Arnett would have testified that he saw appellant
across the street from the same vantage point as Powell and Williams. Arnett would
also have testified that he saw appellant take something out of his mouth and throw
it on the ground, but that he never saw appellant take anything from his pocket or
waistband.
          On these facts, we conclude that, even if trial counsel’s failure to obtain Arnett
for trial was deficient or lacking in tactical or strategical decision-making so as to
overcome the presumption that counsel’s performance was reasonable and
professional, appellant presents no evidence that, but for counsel’s deficiency, the
result of the proceeding would have been different. Strickland, 466 U.S. at 687. 
Appellant failed to meet the second prong of the Strickland test.
          In his second claim, appellant asserts a number of subpoints. Under his first
and second subpoints, appellant asserts that his counsel was ineffective during voir
dire because he refused appellant’s request to strike a venireperson whom appellant
wanted struck and because he failed to request more strikes. At the motion for new
trial hearing, trial counsel testified that he did not have a specific recollection as to
any particular juror appellant wanted struck. Counsel revealed that his reason for not
requesting more strikes was that, after reviewing his own notes and the notes made
by appellant during voir dire, he was “satisfied with the jury that was seated.” 
Therefore, appellant did not overcome the presumption that trial counsel’s conduct
was within the range of reasonable assistance. See Thompson, 9 S.W.3d at 814.
          In his third subpoint, appellant asserts his counsel was ineffective because he
refused to get the plastic bag fingerprinted. At the hearing, trial counsel explained
that, “[I]t’s my philosophy in trying cases where there is direct testimony from a
police officer that indicates that he witnessed an event that was happening in relation
to this, a plastic bag being discarded by [appellant], that I found it more advantageous
to question the police officer as to why fingerprints were not taken and attempt to
raise reasonable doubt in a jury’s mind that way.” E.g., Wells v. State, 880 S.W.2d
185, 187-88 (Tex. App.—Texarkana 1994, pet. ref’d) (although no fingerprint
evidence was preserved, arresting officers’ testimony was legally and factually
sufficient to support conviction for possession of controlled substance). Appellant
did not overcome the presumption that counsel’s actions were sound trial strategy. 
          In his fourth subpoint, appellant asserts his counsel was ineffective because 
he allowed the State to conduct cross-examination of appellant’s defense witnesses
that appellant was a drug dealer and abuser. At the motion for new trial hearing,
counsel did not recall the cross-examination in question and the record is, therefore,
silent concerning counsel’s motives. No hypothetical question was posed to counsel
seeking an explanation of why he might permit the State to conduct such a cross-examination of a witness. Under these circumstances, we are unable to conclude that
appellant’s trial counsel’s performance was deficient. We must presume, therefore,
that counsel rendered reasonably effective assistance of counsel. See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Safari v. State, 961 S.W.2d 437, 445
(Tex. App.—Houston [1st Dist.] 1997, no writ). To find that trial counsel was
ineffective based on the asserted ground would call for speculation, which we will not
do. Jackson, 877 S.W.2d at 771; Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no writ).
          Accordingly, we overrule appellant’s sixth point of error. 
CONCLUSION
          We affirm the judgment of the trial court.
 
 
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).