ACCEPTED
01-14-00606-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/16/2015 1:37:10 PM
CHRISTOPHER PRINI
CLERK

<u>NO. 01-14-00606-CR</u>

## IN THE COURT OF APPEALS
## FOR THE FIRST JUDICIAL DISTRICT OF TEXAS
## AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/16/2015 1:37:10 PM
CHRISTOPHER A. PRINE
Clerk

_____

## TRIAL COURT NO. 1370103
## IN THE 179TH JUDICAL DISTRICT COURT
## KRISTIN M. GUINEY, PRESIDING JUDGE
## OF HARRIS COUNTY, TEXAS

_____

## WILLIAM DELACRUZ
## Appellant

## V.

## THE STATE OF TEXAS
## Appellee

## APPELLANTS BRIEF

**(a)(1) APPELLANT'S COUNSEL:  PAUL DECUIR, JR.**
**TBN:  05712500**
**P.O. BOX 9687**
**HOUSTON, TEXAS 77213**
**(281) 409-9692**
**(713) 450-2773 FAX**
**E-MAIL:  paul.decuir@yahoo.com**

**(2)  APPELLEES COUNSEL:  ALAN CURRY**
**HARRIS COUNTY ASSISTANT DISTRICT ATTORNEY**
**1201 FRANKLIN, SUITE 600**
**HOUSTON, TX 77002**

**(b) Notice of Appeal filed on September 9, 2014**

**(c)  Oral Argument is NOT Requested.**

1

# TABLE OF CONTENTS

1.  COVER SHEET FOR APPELLANTS BRIEF------------1

2.  TABLE OF CONTENTS-------------------------------------2

3.  IDENTITIES OF PARTIES AND COUNSEL-----------3

4.  INDEX OF AUTHORITIES--------------------------------4

5.  STATEMENT OF CASE--------------------------------------6

6.  ISSUES PRESENTED----------------------------------------6

7.  ISSUE NUMBER ONE---------------------------------------7

8.  ISSUE NUMBER TWO--------------------------------------10

10. CONCLUSION AND PRAYER-----------------------------12

12. CERTIFICATE OF SERVICE-------------------------------13

## IDENTIES OF PARTIES AND COUNSELS

**APPELLANT:  WILLIAM Delacruz**
**HARRIS COUNTY JAIL**
**1200 BAKER STREET**
**HOUSTON, TEXAS 77702**
**713-252-8157**

**ATTORNEY FOR APPELLANT:**

**PAUL DECUIR, JR.**
**TBN: 05712500**
**P.O. BOX 9687**
**HOUSTON, TEXAS 77213**
**281-409-9692**
**713-450-2773-FAX**
**e-mail: paul.decuir@yahoo.com**

**APPELLEE:    STATE OF TEXAS**

**APPELLEES ATTORNEY:**

**ALAN CURRY**
**ASSISTANT DISTRICT ATTORNEY**
**1201 FRANKLIN, 6TH FLOOR**
**HOUSTON, TEXAS 77002**

# INDEX OF AUTHORITIES

**CASES:**                                       **PAGE**

      **DELK V. STATE, 855 S.W. 2d 700------------------- 10**

      **HERNANDEZ V. STATE, 351 S.W. 3d 156----------10**

**RULES OF EVIDENCE**

      **TEXAS RULES OF EVIDENCE------------------------8**

**O. 01-14-00606-CR**

# IN THE COURT OF APPEALS
# FOR THE FIRS TJUDICIAL DISTRICT OF TEXAS
# AT HOUSTON, TEXAS

_____

# TRIAL COURT NO. 1370103
# IN THE 179ᵀᴴ JUDICAL DISTRICT COURT
# KRISTIN M. GUINEY, PRESIDING JUDGE
# OF HARRIS COUNTY, TEXAS

_____

# WILLIAM DELACRUZ
# Appellant

# V.

# THE STATE OF TEXAS
# Appellee

# APPELLANTS BRIEF

## STATEMENT OF THE CASE

Appellant was charged with a Second Degree Felony, AGGRAVATED ASSAULT W/ DEADLY WEAPON. Trial was had to a jury of twelve and the Appellant was adjudged Guilty and sentenced to a term of Four (4) years in the Texas Department of Criminal Justice, Institutional Division. No fine was accessed. The Appellant filed a Motion for New Trial based on the Discovery of New Evidence and the denial of the trial Court to allow the Defendant to introduce the criminal record of the Complainant once his character had been placed in issue before the jury. The character of the complainant had been placed in issue by two of the prosecution's witnesses and the jury was led to believe that the complainant was a fine upstanding individual who would not intentionally harm anyone.

## ISSUES PRESENTED

### ISSUE ONE:

**When the State presents witnesses who describe the complainant as a helpful person who would never harm anyone, leaving the Jury with the impression that the complainant is an upstanding member of the community, should the Defendant be allowed to present the prior bad**

**acts of the complainant to refute the claim of the State?**

**ISSUE TWO:**

**Does the discovery of records of the Defendants WARRANT THE Court granting a new trial in order to ascertain the Mental Competency of the Defendant at the time of the offense and during the trial on the merits**

**ISSUE NO. ONE:**

**ISSUE ONE:**

**When the State presents witnesses who describe the complainant as a helpful person who would never harm anyone leaving the Jury with the impression that the complainant is an upstanding member of the community, should the Defendant be allowed to present the prior bad acts of the complainant to refute the claim of the State?**

**ARGUMENY AND AUTHORITIES:**

When the State presents witnesses who describe the complainant as a helpful person who would never harm anyone, leaving the Jury with the impression that the complainant is an

7

upstanding member of the community, should the Defendant be allowed to present the prior bad acts of the complaintant to refute the representation of the complainant and the claim by the State that the Complainant was a nice, helpful person who would not harm anyone and that the shooting of the Defendant, WILLIAM DELACRUZ was an accident. (RR,Vo. 3, pgs. 25, line 19 thru page 26 line 25; Vol. 3, page 109 thru page 113, line 25.). These representations by the State gave the jury the impression that ADAM ORTIZ was a helpful, kind individual who was mentally challenged and would not shoot anyone. According to the witnesses for the State, Adam Ortiz would not intentionally harm anyone.

This representation by the State would lead a reasonable jury or a jury made up of reasonable individuals to believe the Complaintant, Adam Ortiz was a kind, helpful individual why would not intentionally harm anyone thus causing the jury to find the Defendant guilty, as the jury did in this case. The Defendant attempted to introduce evidence of the prior "bad acts" of the Complainant ADAM ORTIZ. (RR. Vol. 3 page 7, Line 17 thru page 120, line 4; Vol. 3 page 123 thru page 124, line 5; Vol. 4, page 2, line 2 thru page 6, line 12; Vol. 4, page 76, line 16 ,thru page 79, line 22). On several occasions

throughout the trial on the merits, the Defense sought to introduce the criminal contacts with the police totaling 14 arrests, investigations and contacts with the authorities. Some of the criminal contacts were for drug offenses, Family Violence, Criminal Trespass, etc. The record was introduced as an attachment to the Bill of Exceptions in the Reporters Record. (RR., Vol. 4, page 76, line 10 thru page 79, line 22

The Texas Rules of evidence, specifically, Rule 405 prescribes the methods of attacking the credibility of a witness. ADAM ORTIZ, even though he is the complaintant, is subject to the same methods as prescribed in the Rule. Once his character is placed before the jury, his character is subject to attack by the opposing party. Here in the testimony provided by the States witnesses, Mr. Tollette and Mrs. Ortiz who described Adam Ortiz AS A SLIGHTLY MENTALLY RETARDED INDIVIDUAL WHO WOULD NEVER INTENTIONALLY HARM ANYONE, the State placed the character in issue. The Defense should have been allowed to present evidence of ADAM ORTIZ's prior bad acts and prior contacts with the law. The representations of the States witnesses describing ADAM ORTIZ could possibly, and probably had a considerable impact on the twelve members of the jury. The jury was left with the impression of a slightly mentally

retarded individual who would never harm anyone. The testimony of Adam Ortiz mother was intended to portray Adam Ortiz as a person who was helpful and kind. The Defense should have been allowed to present evidence that Adam Ortiz activities over the past several years were acts of violence, a drug possessor, and a person capable of committing violent acts upon others. The State puts before the jury that ADAM Ortiz was slightly mentally challenged. That same jury was entitled to know of Adam Ortiz past history of violence and drug use. This testimony was introduced in order to establish a false impression in the minds of the jury that Ortiz was a law abiding citizen. The Defendant, William Delacruz should have been allowed to refute this impression. *Hernandez v. State* 351 S.W. 3d, 156; *Delk v. State,* 855 S.W. 2d 700

**ISSUE NUMBER TWO:**

**ISSUE NUMBER TWO:**

**Does the discovery of records of the Defendants WARRANT THE Court granting a new trial in order to ascertain the Mental Competency of the Defendant at the time of the offense and during the trial on the merits**

**ARGUMENT AND AUTHORITIES:**

Prior to the trial on the merits, Defense counsel had visited with the Defendant on many occasions. As none of these occasions play any conduct which would have indicated that the Defendant had any mental problems. During the trial on the merits, the Defendant began displaying conduct which indicated that there was some defect in his character. This became readily noticeable to the court staff as well as the Judge and Prosecutors. His behavior got to the point that the judge called for counsel to approach the bench and admonished that if the Defendant continued his disruptive behavior he would be removed from the courtroom and may be allowed to view the proceedings via a video monitor. (RR Vol. page 21, line 7 thru page 22 line 9) The Defendant continued to display these actions throughout trial on the merits. After the trial the Defendants parents indicated that he was off his medication. After inquiry by Defense counsel, it was discovered that the Defendant had been diagnosed as being mentally deficient and prescribed medication for William Delacruz. Prior to the trial, there was absolutely no indication that a mental problem existed. In fact, there was an Armed Security Guard license issued by the State of Texas. One of the requirements is that the

applicant be free from any mental deficiency. William Delacruz had such license. While we find no authority which addresses the behavioral problem as in this case, it is a compelling reason for the Presiding Judge who witnesses such behavior to inquire as to the mental status of the Defendant. Such activity should have caused the Presiding Judge to halt the proceedings and to continue the trial until after a mental examination could be conducted. A report as to the mental status of the Defendant a year prior to the incident was attached to the Motion for New Trial but was discounted by the Presiding when she denied the Motion for New Trial. (Clerks Transcript-Vol. 1, pages 267 thru page 284).

.

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Honorable Court reverse the decision of the Trial Court and case.

Respectfully submitted,

*PAUL DECUIR, JR.*

_____
PAUL DECUIR, JR.
ATTORNEY FOR APPELLANT
TBN: 05712500
P.O. BOX 9687
HOUSTON, TX 77213
(281) 409-9692
(713) 450-2773-fax
e-mail: paul.decuir@yahoo.com

## CERTIFICATE OF SERVICE

II hereby certify that a true and correct copy of the foregoing Appellants Brief has been sent to the Attorney for the State of Texas, Harris County District Attorneys Office, Appellate Division 1201 Franklin Suite 600, Houston, TX 77002 on this 16th day of January, 2015.

*PAUL DECUIR, JR.*

_____